Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| DEBBIE KAVRAN, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

**COMPLAINT**

DEBBIE KAVRAN (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Bothell, King County, Washington and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff and Plaintiff's ex-husband seeking and demanding payment for an alleged debt (see letter from Plaintiff's ex-husband attached hereto as Exhibit "A").

12. Defendant constantly and continuously places collection calls to Plaintiff at her place of employment seeking and demanding payment for an alleged debt. Defendant is aware that Plaintiff cannot receive such call, yet places them regardless.

13. Defendant constantly and continuously places collection calls to Plaintiff at the numbers (206) 793-6491 and (425) 489-3833.

14. Defendant constantly and continuously places collection calls to Plaintiff from the number (866) 920-2295 ext 112.

15. Defendant threatened to file a lawsuit, garnish wages, and put a lien on Plaintiffs house while seeking and demanding payment for an alleged consumer debt. To date, Defendant has taken no action.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves and failing to state that collector is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once.

    d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    f. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

    g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken and that is not intended to be taken.

    h. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

    i. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the debt.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, DEBBIE KAVRAN, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

- 5 -

1    PLEASE TAKE NOTICE that Plaintiff, DEBBIE KAVRAN, demands a jury trial in this
2  cause of action.
3                                             RESPECTFULLY SUBMITTED,
4   DATED:  February 4, 2009               KROHN & MOSS, LTD.
5                                                /s/ Ryan Lee
6                                      By: _____
                                              Ryan Lee
7                                             Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WASHINGTON

Plaintiff, DEBBIE KAVRAN, states as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEBBIE KAVRAN,, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 2/4/09                                   _____
                                                DEBBIE KAVRAN,

**EXHIBIT A**

To Whom It May Concern:

On January 28th I received a call from the Law offices of Nelson and Kennard, Beverly Lane at extension 112. I was informed that I was responsible for a 40,100.00 American Express Debt. That I was listed on this debt. They were demanding payment or I would be served papers at my place of employment the next day.

She gave me 3 options:

1. Pay the debt off in 3 days to avoid suit.
2. Make a substantial down payment to avoid suit and payment arrangements could be made for the balance
3. If I was unable to do 1 or 2 they would then file suit, garnish my wages, lien my house and then force foreclosure on my house because of the large amount due.

Beverly was overly aggressive and I told her numerous times that I was not responsible for this debt. I told her I had not received anything in the mail from them, which she said they had sent mail to both of us. Neither Debbie or I received anything from Nelson and Kennard. She wanted an answer right now. I couldn't give her one. She also demanded my place of employment, ss# and salary. It was about 6:00pm at night. Finally, she agreed to call me the following day around 12-12:30pm during my lunch break. I never received that call. 4 days after the call I received a collection notice in the mail from Nelson and Kennard.

I was so upset at my ex wife I wanted to kill her. I got on the phone with her and told her what was said and I gave her the number that I was suppose to call. Debbie then called Beverly and got the same response from her as I did. Debbie then called Beverly back and told her not to contact me again nor was she to attempt to contact either of us at work. I still have not heard from them. Debbie told me Beverly said the attorney's were not going to pursue me until they verified everything with their client.

I then called American Express. I did not get the lady's name but she told me that I was not the cardholder on the debt and that I was not responsible for it. She was going to issue a complaint against NCO and, also send me a letter stating I was not responsible. The next day I called American Express again and they said the same thing. I am not responsible for this debt. I am still waiting for the letter from American Express. Debbie also contacted them and they told her the same thing.

This has caused me to hire an attorney of my own and has upset me tremendously. I have worked hard to get where I am and this could ruin me. I also am now aware (which I should not be) of my ex wife's financial situation. How is it that they can divulge that kind of information to her ex-husband of almost 5 yrs?

*[signature]*
Timothy P. Kavran

## **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I cry — I don't want to go to work for fear of being served papers. Thrice stomach disorders_

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/4/09

Signed Name: _[signature]_

Printed Name: Debbie I Kavran